UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. McCOLM,

Plaintiff,

v.

FOREMOST INSURANCE COMPANY,

Defendant.

No. 2:26-cv-01502-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a motion to proceed in forma pauperis ("IFP") (ECF No.2).  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff has also filed a "request for order to proceed on complaint."  ECF No. 3.  The motion to proceed IFP is supported by a declaration, including a statement of income and expenses, and averring inability to pay the costs of this proceeding.  The motion is GRANTED.  The Court will also grant the "request for order to proceed" (ECF No. 3) to the extent that the Court hereby directs service of the complaint.  The Court has screened the complaint, and concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and will therefore direct service.

## I.  SCREENING

### A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally

1

"frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept the truth of legal conclusions cast in the form of factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

**B.      The Complaint**

The Complaint alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at ¶ 1. Plaintiff alleges she had a homeowner's insurance policy with Defendant. *Id*. at ¶ 7. Plaintiff appears to allege that she suffered a loss of property that was in storage and was covered by the policy with Defendant. Plaintiff alleges she made a claim for the loss, and it was refused. Plaintiff brings claims for breach of contract and for tortious bad faith conduct. Plaintiff alleges that loss or damage to her property was at least $80,000. *Id*. at ¶ 72. Plaintiff seeks compensatory and punitive damages. *Id*. at 17.

Plaintiff's complaint asserts a jurisdictional basis, contains a statement of her claims, and a request for relief.  The Court finds, for screening purposes only, that Plaintiff's claims are sufficiently cognizable and directs service.

## II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  The Court construes Plaintiff's request to proceed on complaint (ECF No. 3) as requesting the Court to direct service, and the request is GRANTED only to that extent;

3.  Service of the Complaint (ECF No. 1) is appropriate for the following Defendant: Foremost Insurance Company

4.  The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

5.  The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the Complaint (ECF No. 1), and an appropriate form for consent to trial by a magistrate judge.

6. Plaintiff is directed to supply the U.S. Marshal, **within 15 days from the date this order** is filed, all information needed by the Marshal to effect service of process, and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 3, above, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

   d. One copy of the instant order; and

   e. An appropriate form for consent to trial by a magistrate judge.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

9. **Failure to comply with this order may result in a recommendation that this action be dismissed**.

IT IS SO ORDERED.

DATED: May 1, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE