UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. McCOLM,

Plaintiff,

v.

FOREMOST INSURANCE COMPANY,

Defendant.

No. 2:26-cv-01502-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's motion to continue hearing and for extension of time to oppose a motion. ECF No. 14. The motion is GRANTED in part as set forth herein.

This action was filed on April 10, 2026. Defendant filed a motion to dismiss on July 6, 2026, and noticed the motion for hearing on August 20, 2026. ECF No. 12. Pursuant to Local Rule 230(c), Plaintiff's opposition was due 14 days later, or on July 20, 2026. On July 21, 2026, Plaintiff filed the instant motion seeking to extend her response deadline to October 8, 2026, and to move the hearing date to October 22, 2026. ECF No. 14 at 2. Plaintiff states that this extension is necessary due to her age and health condition.

Plaintiff's motion also contains several unnecessary statements concerning defense counsel. Plaintiff states that Defendant rushed to file a "questionable" motion. ECF No. 14 at 2.

Plaintiff alleges defense counsel made a "false certification" of service and appears to complain the August 20, 2026 hearing date is too near, considering the July 10, 2026 service of the motion. *Id*. The motion was appropriately noticed in accord with Local Rule 230(b), which requires the hearing date be "not less than thirty-five (35) days after service and filing of the motion." Plaintiff further complains that defense counsel offered her a one-week extension, and suggests such offer was "a continuing effort to 'hoodwink' this Plaintiff and Court." ECF No. 14 at 3. Plaintiff's comments about opposing counsel are unnecessary, and the Court expects all litigants and counsel to conduct themselves in a civil and professional manner.

In the context of an extension of time to respond to a motion, good cause[1] "is a non-rigorous standard." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010). The Court finds that an extension of time is appropriate, but Plaintiff's requested duration is unreasonable. Plaintiff's response was due July 20, 2026, and she requests an extension to October 8, 2026, which is 80 days. Plaintiff states that her health condition requires additional time to prepare written work product (ECF No. 14 at 4), but Plaintiff was able to promptly prepare her 8-page motion, supported by a declaration and exhibits, in less than a week. The Court will grant Plaintiff an additional 37 days and continue the hearing date.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for continuance (ECF No. 14) is GRANTED IN PART as set forth herein and DENIED as to the requested duration of the extension.
2. Plaintiff shall file her opposition to the motion to dismiss by **no later than August 31, 2026**. Any reply shall be filed within 10 days after the opposition is filed in accord with Local Rule 230(d).

////

////

////

[1] While Plaintiff's motion was not received until one day after her opposition deadline expired, the Court finds application of the "good cause" standard under Fed. R. Civ. P. 6(b)(1)(A) to be appropriate. Plaintiff states she did not receive the motion to dismiss until July 13, 2026, and her motion for extension was mailed July 18, 2026.

3. The hearing set for August 20, 2026, is **HEREBY VACATED**. The hearing date is RESET to September 24, 2026, at 10:00 a.m. in Courtroom 27.

SO ORDERED.

DATED: July 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE